**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Courtney Crosby, *et al.*,

Plaintiffs,

vs.

Kenneth Williams, *et al.*,

Defendants.

Case No. 2:25-cv-02207-RFB-MDC

**ORDER GRANTING MOTION TO AMEND (ECF NO. 44)**

The Court has reviewed plaintiffs' *Motion to Amend Complaint* ("Motion") (ECF No. 44). For good cause shown, the Court **GRANTS** the Motion for the reasons below.

**DISCUSSION**

## I. LEGAL STANDARD

Generally, a party may amend its pleadings "as a matter of course" within 21 days of serving it or within 21 days after service of a responsive pleading under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). Otherwise, amendments are only permitted "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15 provides that "[t]he court should freely give leave when justice so requires." *Id.* Generally, the Ninth Circuit has held that Rule 15(a) should be "applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014) (citing *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004)); *see also Eminence Capital, LLC,* 316 F.3d at 1052 ("undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.") (citing *Foman v. Davis,* 371 U.S. 178, 182

(1962)). "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits, rather than on the pleadings or technicalities." *Roth v. Garcia Marquez*, 942 F.2d 617, 628 (9th Cir. 1991) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). Ultimately, there is considerable deference to amendment and the analysis "should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

## II. ANALYSIS

Plaintiffs filed their operative Complaint on November 7, 2025 (ECF No. 1) and defendants' Answer was filed on January 27, 2026 (ECF No. 39). Thus, plaintiffs bring their Motion to request to amend their complaint to identify and name a doe defendant who was discovered during the discovery period. *See ECF No. 44*; Fed. R. Civ. P. 15(a). They attach as an exhibit the proposed amended Complaint. *ECF No. 44-2*.

All defendants that have appeared in this case filed a Non-Opposition to plaintiffs' Motion. *ECF No. 45*. The Court also finds good cause exists to grant plaintiffs' Motion. *Griggs*, 170 F.3d at 880. There is no apparent bad faith or undue delay in their Motion. The amendments do not prejudice defendants, nor are they futile. This would also be the first time that plaintiffs would have leave of the Court to amend their Complaint. Therefore, the Motion is granted. *See* Fed. R. Civ. P. 15(a)(2). Plaintiffs shall file the proposed amended Complaint no later than **November 2, 2026**. They must also serve the amended Complaint to defendants by the same date.

The Court also notes that defendant Christopher Estacio was properly served in this case, but has not yet appeared in this case. *See Docket*. Mr. Estacio has not yet been found in default in this case and did not oppose plaintiffs' Motion. *Id.* As Mr. Estacio has not been found in default, plaintiffs must also ensure that their amended Complaint is served upon Mr. Estacio using his last known address.

//

ACCORDINGLY,

**IT IS ORDERED that:**

1. Plaintiffs' *Motion to Amend Complaint* (ECF No. 44) is **GRANTED**.
2. Plaintiffs shall file their proposed amended Complaint no later than **November 2, 2026**. They must also serve the amended Complaint to all defendants, including defendant Christopher Estacio, by the same date.

DATED: October 26, 2026.

IT IS SO ORDERED.

_______________________________
Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.